IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| VERNON LEE McBETH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-0092 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION TO DISMISS and TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED**

Petitioner VERNON LEE McBETH, a state prisoner, has filed with this Court a federal Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction for the felony offense of theft under $1,500 and the resultant 18-year sentence. On September 5, 2013, respondent filed a motion to dismiss petitioner's habeas application as time barred. On September 30, 2013, petitioner filed a response opposing respondent's motion. For the reasons set forth, it is the opinion of the undersigned United States Magistrate Judge that respondent's motion be GRANTED, and the petition for a writ of habeas corpus be DISMISSED as time barred.

I.
PROCEDURAL HISTORY

On February 28, 2008, in the 108th Judicial District Court of Potter County, Texas, petitioner

was charged by indictment with the offense of theft of property valued at an amount less than $1,500.00  The indictment alleged two (2) prior theft convictions which enhanced the primary theft offense to a state jail felony.  *State v. McBeth*, No. 57,343-E.  The indictment also alleged petitioner had twice before been convicted of felony offenses (different convictions than those used to enhance the primary offense to a state jail felony) for purposes of enhancing petitioner's range of punishment to that of a 2nd degree felony.

On February 5, 2009, petitioner, pursuant to a plea bargain, pled guilty to theft under $1,500.00 and true to the sentence enhancement paragraphs contained in the indictment.  The state trial court accepted petitioner's plea, but deferred adjudication of petitioner's guilt, instead placing petitioner on community supervision for five (5) years.

On March 19, 2010, the State filed a Motion to Proceed with Adjudication of Guilt alleging petitioner committed three (3) violations of the conditions of his release.  On July 14, 2010, petitioner pled true to each of the violations alleged in the State's motion without an agreed punishment recommendation.  The trial court granted the State's motion, revoked petitioner's community supervision, adjudicated petitioner guilty, and assessed a sentence of 18-years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division.[1]

Petitioner timely filed a direct appeal with the Court of Appeals for the Seventh District of Texas challenging the revocation of his community supervision and the imposition of the 18-year sentence.  Appellate counsel identified two (2) potential issues for review, *i.e.*, insufficiency of the evidence to support the trial court's finding that petitioner had violated the terms and conditions of his deferred adjudication community supervision, and that the trial court abused its discretion in

---

[1] A Corrected Judgment Adjudicating Guilt was entered November 1, 2010.

sentencing petitioner to 18-years incarceration, but acknowledged neither issue constituted reversible error.[2] Petitioner thereafter filed a *pro se* brief alleging errror regarding the revocation of his community supervision. On August 19, 2011, the state appellate court found the evidence was sufficient to sustain the revocation of petitioner's community supervision based upon petitioner's pleas of true to the violation allegations, agreed with counsel that there were no plausible grounds for appeal, and affirmed petitioner's conviction and sentence. *McBeth v. State*, No. 07-10-0311-CR. Petitioner sought review of the appellate court's decision by filing a petition for discretionary review. The Texas Court of Criminal Appeals refused the petition *per curiam* on November 9, 2011. *McBeth v. State,* PDR No. 1317-11. Petitioner did not seek review of that court's refusal by petitioning the United States Supreme Court for a writ of certiorari.

On March 20, 2012, petitioner appears to have submitted, to prison authorities for mailing, an application for a state writ of habeas corpus challenging his conviction and sentence. On March 26, 2012, the application was filed of record in the state trial court. By his state habeas application, petitioner alleged "[t]rial counsel rendered ineffective assistance in failing to detect the defects in the Indictment and apply substantive law to those defects to reduce [the] punishment range." On July 11, 2012, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *Ex parte McBeth*, No. 77,604-01. On May 20, 2013 petitioner executed the instant federal habeas application challenging his conviction and sentence and placed it in the prison mail system. The federal application was filed of record on May 23, 2013.

---

[2] These potential issues were identified by counsel in an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967).

## II.
## ALLEGATIONS

By his federal habeas application, petitioner alleges his conviction and sentence violate his rights under the United States Constitution because:

1. Petitioner was denied effective assistance of trial counsel at the initial proceeding because counsel failed to move to quash the indictment;

2. Petitioner's offense level was improperly enhanced;

3. The indictment charging petitioner with the offense and enhancements was defective; and

4. Petitioner's punishment range was improperly enhanced.

## III.
## STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## IV.
## TIME BAR

Respondent has filed a motion to dismiss petitioner's federal habeas application as time barred, arguing petitioner's claims relate to the original adjudication order and, therefore, the limitations period began to run on the date the original order became final. Respondent contends any federal habeas application petitioner wished to file had to be filed no later than March 9, 2010 to be timely under the limitations period. Respondent contends petitioner is not entitled to statutory or equitable tolling to extend the limitations period. In his response to the motion to dimiss, petitioner argues he has been pursuing his rights diligently, noting his post-adjudication appeal, petition for discretionary review, and state habeas application.

It is clear petitioner does not challenge the proceedings resulting in the revocation of his community supervision, the revocation itself, or the final sentencing order entered after the revocation. Rather, petitioner challenges only the initial proceeding which resulted in the February 5, 2009 order deferring adjudication of guilt and granting probation. More specifically, petitioner challenges the charging instrument, its alleged enhancements, and counsel's failure to move to quash the indictment. Under Texas law, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). For purposes of section 2244(d)(1), an order deferring adjudication

following a plea is a final judgment. *Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010); *Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005).

The state trial court entered the Order placing petitioner on deferred adjudication probation on February 5, 2009. Petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of the order deferring adjudication and granting petitioner's probation.[3] *See* Tex. R. App. P. 26.2(a)(1). Petitioner failed to file an appeal so the deferred adjudication order became "final" for AEDPA purposes upon the expiration of the 30-day appellate period, or on March 9, 2009.[4] *See* Tex. R. App. P. 26.2(a)(1).

Under the AEDPA, petitioner had one year, or until March 9, 2010, to raise any complaints regarding deficiencies during the initial deferred adjudication proceedings.[5] Challenges to the indictment, its alleged enhancements and counsel's failure to move to quash the indictment are challenges to the original proceedings. Petitioner's post-adjudication proceedings were all filed after the expiration of the limitations period and do not provide petitioner with statutory tolling. Nor has petitioner demonstrated equitable tolling is warranted. *See* 28 U.S.C. § 2244; *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). Petitioner did not file his federal habeas corpus petition until

---

[3] Respondent contends petitioner was not entitled to the 30-day appellate period because he waived his right to appeal. This Court has previously addressed when a conviction becomes <u>final</u> when a petitioner waives his right to appeal as part of the pre-trial plea bargaining process. *See Friemel v. Thaler*, No. 2:10-CV-0282, *Report and Recommendation* dated August 19, 2011, and *Order Adopting Report and Recommendation* dated September 15, 2011; *Frey v. Thaler*, No. 2:09-CV-180, *Report and Recommendation* dated September 2, 2010 and *Order Adopting Report and Recommendation* dated September 17, 2010. In those cases, this Court noted the Northern District has held, "the fact that state law may restrict a plea-bargaining defendant's right to direct appeal . . . [is] irrelevant to the computation of the federal limitations period under § 2244(d)(1)(A)." *Hughes v. Dretke*, No. 4:04-CV-802, 2004 WL 2921841, at *2 (N.D.Tex. Dec. 14, 2004). This Court has held a petitioner has the full appellate period in which to file a Notice of Appeal, even if that appeal was subject to dismissal due to his waiver. Consequently, the defendant's conviction was not final until the expiration of the time for seeing direct review.

[4] The 30-day period expired on March 7, 2009, a Saturday, thus petitioner had until that Monday to file a notice of appeal. Tex. R. App. P. 4.1(a).

[5] Petitioner has presented nothing indicating a provision other than 28 U.S.C. § 2244(d)(1)(A) is applicable to this case.

May 20, 2013, over three (3) years after the expiration of the AEDPA deadline. Therefore, petitioner's claims, all of which relate to alleged deficiencies during the guilty plea proceeding and assessment of deferred adjudication in 2009, are barred by the AEDPA limitations period. *See* 28 U.S.C. § 2244(d). It is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application should be dismissed.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that respondent's motion to dismiss be GRANTED, and that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner VERNON LEE McBETH be DISMISSED as time barred.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this  6th  day of March 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).